IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JUVENAD GUEVARA                    §
(TDCJ No. 1907012),                §
                                   §
            Plaintiff,             §
                                   §
V.                                 §          No. 3:16-cv-2602-G-BN
                                   §
PATRICIA VALDEZ, ET AL.,           §
                                   §
            Defendants.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action has been referred to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference from Senior Judge A. Joe Fish. The undersigned issues the following

findings of fact, conclusions of law, and recommendation that the Court should dismiss

this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Applicable Background**

Plaintiff Juvenad Guevara, a Texas inmate, has filed this action alleging claims

against individuals alleged to be members of his family. *See* Dkt. Nos. 3 & 8. The Court

has granted Plaintiff leave to proceed *in forma pauperis*.

And the undersigned's review of Plaintiff's complaint and his verified responses

to the Court's screening questionnaire indicates that this supposed civil rights action

only includes allegations against private individuals whose alleged actions against

Plaintiff are not attributable to the State in any plausible manner.

-1-

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include Plaintiff's verified responses to the Court's questionnaire, *see* Dkt. No. 8, which "become part of [his] pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)

(citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

A district court must generally afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). One of "[t]he primary ways of affording opportunities to bring into focus the factual and legal bases of a prisoners' claims" – and the one predominately utilized by the undersigned – is "requesting a more definite statement from the prisoner through a questionnaire." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)).

Where the Court determines that a *pro se* prisoner has been given an opportunity to state his best case by, for example, providing responses to a Court-issued questionnaire, the Court may dismiss his complaint – or claims and/or defendants therein – with prejudice. *See, e.g., Mitchell v. Miller-Roach*, No. 3:10-cv-1762-K-BK, 2011 WL 2273509, at *4 (N.D. Tex. May 17, 2011) (citing *Brewster*, 587 F.3d at 767-68; *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam); *Teel v. Collins*, 59 F.3d 1242, 1995 WL 413135, at *1 (5th Cir. June 21, 1995) (per curiam)), *rec. adopted*, 2011 WL 2292247 (N.D. Tex. June 8, 2011); *see also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("Dismissal with prejudice [is] appropriate if the plaintiff has been given an opportunity to expound on the factual allegations by way of a *Watson[ v. Ault*, 525 F.2d 886 (5th Cir. 1976)] questionnaire."), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

## Analysis

Plaintiff has filed a civil rights complaint naming only private individuals, and he provides the Court with no facts to connect the alleged conduct of these individuals to the State. Absent factual allegations to support a claim that the conduct of any defendant – alleged to have violated his rights under the Constitution – may be attributable to the State, Plaintiff fails to state plausible claims under 42 U.S.C. § 1983.

> [T]o state a viable claim for relief in a § 1983 action, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)..

*Hester v. Dallas Cty. Jail*, No. 3:11-cv-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012) (citation omitted; some internal citations modified), *rec. adopted*, 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012).

Given the facts Plaintiff alleges, "no amount of artful or creative pleading will allow Plaintiff to state a [Section 1983] claim upon which relief may be granted" against these defendants because the factual allegations cannot be construed to allege conduct "'fairly attributable to the State.'" *Wheeler v. Ceniza*, No. 3:12-cv-1898-L, 2013 WL 1091242, at *7 (N.D. Tex. Mar. 15, 2013) (quoting *Bass v. Parkwood Hosp.*, 180

F.3d 234, 241 (5th Cir. 1999)). As such, the undersigned recommends dismissal of the Section 1983 claims with prejudice.

Because Plaintiff fails to state plausible claims under Section 1983, the Court should decline to exercise supplemental jurisdiction over any state law claims he alleges that could fall under the Court's supplemental jurisdiction. *See Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010) (per curiam) ("28 U.S.C. § 1367(c)(3) permits a federal court to decline to exercise supplemental jurisdiction over state law claims when the court has dismissed the claims over which it had original jurisdiction"); *cf. Ingram v. Interstate Sanction Facility*, No. 6:07cv406, 2009 WL 153145, at *2 (E.D. Tex. Jan. 20, 2009) ("Here, the Court acquired original jurisdiction over TDCJ based on the Plaintiff's claims of a violation of federal law under 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution. However, these federal claims against TDCJ lack merit because they are barred by the doctrine of sovereign immunity set out in the Eleventh Amendment. Thus, the claims over which this Court possessed original jurisdiction are without merit. This Court therefore declines supplemental jurisdiction over the plaintiff's state law claims, deferring instead to the laws and judicial processes of the State of Texas." (citations omitted)).

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 9, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE